## Wytheville.

## HOSTETTER AND OTHERS V. HITCHINGS.

June 8, 1916.

Absent, Cardwell, J.

1. EASEMENTS—*Right of Way—Deeds—Construction—Case in Judgment.*— The language of the deed in controversy and the construction placed thereon and acted upon by the grantees, and acquiesced in by the grantor for many years must determine the rights of the parties to this suit, composed of the heir of the grantor and the successor in title of the grantee. That instrument, which must be construed most strongly against the grantor, expressly recognized the existence of a street on the side of the lot granted, and attempted to provide against its use by the public, thereby presenting a case for the application of the rule *expressio unius est exclusio alterius,* and strengthening the claim of a private right therein.

Appeal from a decree of the Court of Law and Chancery of the city of Norfolk. Decree for the complainants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Old, Brockenbrough & Webster* and *J. W. Denlinger,* for the appellants.

*Percy S. Stephenson, James G. Martin* and *G. Tayloe Gwathmey,* for the appellee.

KELLY, J., delivered the opinion of the court.

The pleadings and the proof in this case have taken rather a wide range, but the decisive question is a narrow one, and may be set out as follows:

By deed dated July 18, 1881, Christian H. Hostetter conveyed to E. A. Hitchings and R. V. Hitchings "a certain lot of land in Atlantic City . . . fronting on Front street fifty ft. by one hundred and twenty ft." This deed concluded with the words, "the joining First street is not to be used by the public." The land thus conveyed (a part of a larger tract which by a former owner had been subdivided into lots and streets) constituted what appeared upon the plat of the original subdivision to be a corner lot at the intersection of said Front street and another street at right angles thereto, not named or numbered upon the plat, but known generally as First street, and so designated in the above recited deed.

Soon after the Hitchingses purchased the lot from Hostetter they erected thereon a store building having a side or rear door for the reception and delivery of goods, and also built a stable and some negro tenement houses in the rear of the store. This side or rear door, and the stable and tenement houses, were reached through First street, and there was no other means of ingress or egress to and from them. This condition continued until 1903, when the buildings on the lot were destroyed by fire. Subsequently, other and more permanent structures were erected thereon, in connection with which First street has continued to be used as a means of access.

Sometime during the year 1883, Hostetter undertook to sell the space known as First street, adjoining the Hitchings property, to two other parties, and agreed with them that he would "see them through." One of these parties attempted to build a work-shop upon this space, on the side next to the Hitchingses, and the latter obtained a warrant charging this party with obstructing the street. At the trial of the war-

rant, the magistrate rendered a decision in favor of the Hitchingses. Hostetter refused to pay the costs, and thereupon his purchasers abandoned the transaction and made no further claim to the property. The evidence introduced to show this attempted sale of the street and the consequent litigation was objected to by counsel for the appellants. We are inclined to the view that the objection is not good, but that question need not be determined because it cannot affect the result. If the evidence goes out, there is nothing in the record tending in any way to show that C. H. Hostetter ever questioned the right of the Hitchingses to use the street. If, on the other hand, the evidence be accepted, the only effort he ever made to assert any rights to the contrary was one which he abandoned under circumstances indicating a lack of faith in his claim. He resided near the property from the date of the sale in 1881 until his death in 1899. During that period he regularly passed through First street, using it as a near way to and from his business, and never, so far as the record shows, unless we consider the one exception mentioned above, did he make any protest or question as to the constant use of the street by his grantees and those claiming under them.

After the death of C. H. Hostetter, the same use of the street continued in connection with the Hitchings property, and no complaint seems to have been made or question raised, until in the year 1911, when Jacob Hostetter, who had succeeded to all the rights of C. H. Hostetter, threatened to close up the street and was proceeding to build a fence across it. Thereupon, Lelia C. Hitchings, the successor in title of the original grantees, E. A. and R. V. Hitchings, brought this suit to injoin and restrain the obstruction of the alleged street.

There was a demurrer to the bill, which was properly overruled.  The allegations, if not sufficient as to all the grounds upon which the complainant rested her case, were adequate to support the one ground on which the lower court based the decree from which this appeal was taken.  That decree held that the heirs at law of Lelia C. Hitchings (in whose name the suit was reviewed) had a private right of way over the space known as First street, and perpetually enjoined the appellants "from interfering in any way with the right of user of said parcel of land" by the appellees.

A number of interesting questions were presented by the record as made up in the trial court, involving, *inter alia,* the law governing the dedication of streets to the public, the acceptance of such dedication, and the acquirement of private rights of way by implication and prescription.  These questions have been pressed upon us here, and have been argued with earnestness and ability.  We are concerned, upon this appeal, however, with the one question determined by the decree, namely, the question as to a private right of way in the appellees over the space known as First street.  The appellants cannot, and the appellees do not, complain of the decree for not going further and determining whether the land in controversy was ever dedicated as a public thoroughfare.

We are of opinion that the court below was fully warranted in finding that the appellees were entitled to the use and enjoyment of the street as a private right of way.  The language of the deed made in 1881 by C. H. Hostetter to E. A. and R. V. Hitchings, and the construction placed thereon and acted upon by the grantees, and acquiesced in by the grantor for many years must determine the rights of the parties to this suit.  Jacob Hostetter, it is true, did not

reside near the property, and asserts that he never knew of any claims or rights in the street adverse to the title he now seeks to maintain, but it is to be remembered that he had no interest of any kind in the property until the death of his brother, C. H. Hostetter, nearly twenty years after the latter had made the deed to the Hitchingses. It is of course clear that Jacob Hostetter has no higher or other rights in the property than his brother had therein.

The deed of July 18, 1881, was made in the light of and with reference to the subdivision and plat showing a sixty foot street along the side of the property conveyed and opening upon the street on which that property fronted. That instrument, which must be construed most strongly against the grantor, expressly recognized the existence of the street, and went far enough to provide (assuming that the grantor's title gave him that power) against its use "by the public." Bearing in mind the fact that the law recognizes both public and private rights of way, this express limitation upon the public use of the street strengthens the claim to a private right therein, and presents a case for the application of the rule, "*expressio unius est exclusio alterius.*"

The rules of construction to which we have adverted, and which in our opinion control the case, are so well known and well settled that no authorities need be cited in support of them.

The decree of the court of law and chancery is affirmed.

*Affirmed.*